IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MONTE EARL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:15-CV-795-B |
| | ) |
| BOMBARDIER, INC., | ) |
| Defendant. | ) |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Background**

Plaintiff is proceeding *pro se* and he filed a motion to proceed *in forma pauperis*. On March 31, 2015, the Court found that Plaintiff was not a pauper and ordered him to pay the filing fee within fourteen days, or the Court would recommend that this case be dismissed. Plaintiff has failed to respond to the Court's order.

**II. Discussion**

Plaintiff's motion to proceed *in forma pauperis* states that he currently has $2200 in a checking account. In response to the question regarding whether he or his spouse has money in bank accounts or other financial institutions, he responded "Confidential. No other money available except $2200 mentioned above." He claims that he is owed money from a trust, "plus other unsatisfied legal claims." The plaintiff also claims he has no vehicle with any net value,

but he lists a car payment as part of his monthly expenses. He lists no dependants. The information in his application shows that the plaintiff has sufficient resources available to pay the filing and administrative fees.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Plaintiff has failed to comply with the Court's Order. Accordingly, his complaint should be dismissed for want of prosecution.

## III.  Recommendation

For the foregoing reasons, the Court recommends that Plaintiff's motion to proceed *in forma pauperis* be denied. The Court further recommends that if Plaintiff fails to pay the full filing fee within fourteen days of this recommendation, that Plaintiff's complaint be dismissed without prejudice for want of prosecution.

Signed this 28th day of April, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).